# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **TAMMI ANN HARRIS,** | : | |
| **Plaintiff** | : | |
| v. | : | 5:05-CV-359 (WDO) |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | |

## ORDER

Plaintiff Tammi Harris is the wife of an active duty Air Force member. Plaintiff and her family reside in a two-story housing unit on Robins Air Force Base in Warner Robins, Georgia. An inspection of the premises was performed on October 30, 2002, prior to the Plaintiff and her family taking occupancy. The carpeting was replaced in two bedrooms, the upper stairs and the landing on the stairs. Plaintiff did not note any discrepancies regarding the carpet when they inspected the residence on or around the time the family moved into the residence. On the night of October 28, 2003, Plaintiff fell while descending the stairs and fractured her right tibia and fibula. Plaintiff was eight months pregnant at the time of her fall but subsequently delivered her baby without complications. At no time between taking occupancy and the fall did Plaintiff or her husband make any complaint about or request any repair to the stairs. The unit was inspected on November 4, 2003 and a second handrail was installed. On December 8, 2003, the rails on the stairs were tightened. On December 9, 2003, the carpet on the last few steps was restretched after Plaintiff's husband complained

1

about it being loose. On April 13, 2004, Plaintiff's husband called the Housing office and told them the carpet on the stairs was loose and the staples were not holding. The carpet was restretched and nailed. On May 10, 2004, the handrail was repaired after the Plaintiff's husband called and told the Housing office that it was loose. Plaintiff and her family were offered relocation to a one level unit, however, the offer was not accepted, the reason given for which was that Plaintiff and her husband would have had to move themselves, including boxing up their belongings and carrying the furniture which Plaintiff was unable to do with a broken ankle and four children. Plaintiff's medical bills were covered by Tricare and there were no lost wages.

Because this matter is covered by the Federal Tort Claims Act, Plaintiff filed an administrative claim seeking a monetary recovery for her injuries. The administrative claim was denied, the reasons given for which were (1) the Air Force did not have knowledge of the alleged defect until after Plaintiff fell and (2) at the time in question the applicable building code required only one handrail in the residence. Plaintiff thereafter filed suit in this Court seeking $350,000.00 in damages. Plaintiff contends the United States is liable for her injuries based on negligence per se, regarding an alleged violation of the applicable building codes, and general negligence based on the Defendant's alleged failure to maintain the housing unit. The matter is now before the Court on the Defendant United States' Motion for Summary Judgment.

### *Summary Judgment Standard*

Summary Judgment is appropriate when the pleadings, depositions and affidavits

submitted by the parties show no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The Supreme Court explained the moving party's burden may be discharged "by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In Celotex, the Court held that summary judgment is appropriate against

> A party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Id. at 322-23. "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact." Chapman v. AI Transport, 229 F.3d 1012, 1023 (11th Cir. 2000). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." Id. (citation omitted).

### *Negligence Per Se*

"Generally, a plaintiff may assert a claim of negligence per se arising from violations of federal or state statutes as long as (1) that plaintiff falls within the class of persons the statute was intended to protect; (2) the harm complained of was the same harm the statute

3

was intended to guard against; and (3) the violation of the statute proximately caused the plaintiff's injury." McLain v. Mariner Health Care, Inc., 631 S.E.2d 435, 437 (Ga. App. 2006). "The violation of a regulation, no less than that of a statute, can likewise establish that a defendant breached a duty owed to a plaintiff as a matter of law." Id. The version of the building code applicable at the time of Plaintiff's injuries provided, "Existing stairs, existing ramps, stairs within dwelling units and within guest rooms, and ramps within dwelling units and guest rooms, and ramps within dwelling units and guest rooms shall have a handrail on at least one side."[1] Plaintiff also cited a portion of the regulation that mandates stairs to be "uniformly slip resistant," although Plaintiff presented no evidence that the stairs were not uniformly slip resistant. Plaintiff's negligence per se claim fails because (1) the regulation in effect at the time of her accident only required one handrail and the housing unit was undisputably equipped with one handrail and (2) there is no evidence the carpeted stairs were *not* uniformly slip resistant.

### *General Negligence Claim: Superior v. Equal Knowledge of Alleged Hazard*

Before the Court can find the Defendant liable for Plaintiff's injuries, Plaintiff must show that the Defendant breached a duty owed to her and that the breach of that duty was the proximate cause for her injuries. Defendant contends that Plaintiff had superior knowledge of the allegedly hazardous condition and did not inform the Defendant of any type of problem with the stairs until after her fall. Plaintiff counters that because the stairs she used

---

[1] This is quoted by the parties from the "Life Safety Code" adopted in Georgia to establish regulations affecting or relating to structures pertaining to hazards from fires and explosions.

to walk downstairs in her housing unit were the only means of accessing the downstairs space this "superior knowledge" defense is lessened pursuant to Georgia law, an argument based on the "necessity" rule.

Even though the condition of certain "premises may be hazardous and the landlord negligent, he may not be liable for injury where plaintiff had equal or superior knowledge of the alleged defect. If plaintiff knows of a defect, she must make use of all her senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to her." Hall v. Thompson, 388 S.E.2d 381, 382 (Ga. App. 1989) (citation omitted). Under the "necessity" rule, "where a tenant must traverse a known hazard to enter his home, his equal knowledge of the danger does not excuse the landlord from liability for failure to repair." Jessop v. Carmichael Management, Inc., 614 S.E.2d 827, 828 (Ga. App. 2005) (citation omitted). Further, the plaintiff must produce evidence that the alleged hazard was known to the Defendant. Id.

The Plaintiff and her husband had an opportunity to inspect the premises in question prior to moving into the house and found nothing unusual or hazardous about the carpeted stairs. Further, Plaintiff admits that she nor her husband ever complained about a problem with the carpet until she fell. Notably, Plaintiff and her husband made numerous complaints about other issues in the house such as leaky appliances and other repairs that needed to be made to which the Defendant always immediately responded. Because the Plaintiff never gave the Defendant a reason to inspect or repair the carpet on the stairs after they moved in, until she fell, Plaintiff had "superior knowledge" regarding the existence of the allegedly

hazardous condition and no negligence on Defendant's part was the proximate cause of her injuries. Defendant therefore may not be held liable for Plaintiff's injuries and its Motion for Summary Judgment is GRANTED.

**SO ORDERED this 5th day of December, 2006.**

**S/**
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**